# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Mason Conis, Defendant Below,
Petitioner**

**vs)   No. 14-0555** (Doddridge County 14-C-4)

**Trent M. Showalter, Rachel A. Showalter,
Preston E. Simmons, and Joan S. Simmons,
Plaintiffs Below, Respondents**

**AND**

**James Mason Conis, Plaintiff Below,
Petitioner**

 **vs)   No. 14-0532** (Doddridge County 14-C-6)

**Attorney Nathan Walters,
Real Estate Broker Susan Williams,
West Virginia Bankers Title,
Trent M. Showalter, Rachel A. Showalter,
Preston E. Simmons, and Joan S. Simmons,
and Candace Swimberghe,
Defendants Below, Respondents**

**FILED**

April 17, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In these consolidated appeals, Petitioner James Mason Conis, appearing *pro se*, appeals four orders of the Circuit Court of Doddridge County. In Supreme Court No. 14-0555, petitioner appeals (1) the circuit court's April 30, 2014, order that found in favor of Respondents Trent M. Showalter, Rachel A. Showalter, Preston E. Simmons, and Joan S. Simmons in their action to have the notice of *lis pendens* petitioner filed with regard to a 381-acre farm situated in Pendleton County, West Virginia, expunged from Pendleton County's *lis pendens* record from the date it was filed; and (2) the circuit court's May 9, 2014, order that denied petitioner's post-hearing motions filed *pro se*. In Supreme Court No. 14-0532, petitioner appeals (1) a separate April 30, 2014, order of the circuit court that (a) granted respondents' various motions to dismiss petitioner's action to have the sale of the farm vacated and (b) awarded a total of $3,000 in attorney's fees as a sanction against petitioner for filing a frivolous action; and (2) a separate May 9, 2014, order of the circuit court that denied petitioner's post-hearing motions filed *pro se*. Respondents Trent M. Showalter, Rachel A. Showalter, Preston E. Simmons, and Joan S. Simmons, by counsel Laura S. Evick;

Respondent Nathan Walters, by counsel Jack H. Walters and James O. Heishman; Respondent Susan Williams, by counsel John H. Treadway, Jr.; Respondent West Virginia Bankers Title, LLC, by counsel Peter G. Zurbuch and Robert C. Chenoweth; and Respondent Candace Swimberghe, by counsel Humes J. Franklin, III, each separately filed either a response or a summary response. Petitioner filed a reply to each response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and Supreme Court No. 14-0532 is remanded to the circuit court with directions to hold a hearing on whether petitioner acted in a vexatious, wanton, or oppressive manner as to warrant the awarding of attorney's fees as a sanction against him.

Petitioner is the son of James N. Conis and Joyce M. Conis, who formerly owned a 381-acre farm situated in Pendleton County, West Virginia. According to petitioner, it was his parents' long-standing intent to pass the farm to him at their deaths. Even after petitioner's parents transferred the farm to a limited liability company they owned, petitioner asserts that his parents provided in a will executed in 2010 that their respective interests in Zion Farm, LLC ("Zion Farm") would pass to him.

However, by deed executed January 23, 2014, petitioner's parents, as member/managers of Zion Farm, transferred the farm to Respondents Showalter and Respondents Simmons for $757,500. The closing for the sale occurred on January 30, 2014. On that same date, petitioner's Texas attorney, Stephen R. Pitzner, sent a guardianship petition via overnight delivery to the County Court of Smith County, Texas, where petitioner's parents currently reside. In the guardianship petition, petitioner sought to have his father declared incompetent.[1] The same day, petitioner's West Virginia attorney, Jerry Moore, filed a notice of *lis pendens* in Pendleton County, West Virginia, notifying prospective buyers of the farm of the Smith County, Texas, guardianship petition. Petitioner alleged that his parents executed the January 23, 2014, deed only as a result of the undue influence of his sister, Respondent Swimberghe.[2] The closing attorney, Respondent Nathan Walters, learned of the *lis pendens* notice when he went to record the closing documents.

On February 12, 2014, in Civil Action No. 14-C-4, Respondents Showalter and

---

[1] Petitioner declined to file a similar guardianship petition with regard to his mother to keep his costs low. The guardianship matter with regard to petitioner's father remains pending in Texas. *See In Re: Guardianship of Conis*, No. 12–14–00218–CV, 2014 WL 4922643, at *1 (Tex. Ct. App. September 30, 2014) (dismissing petitioner's appeal as premature).

[2] Respondent Swimberghe has a power of attorney with regard to Respondent Swimberghe's and Mr. Conis's parents' affairs. In the Texas matter, Respondent Swimberghe has also cross petitioned to be named guardian of her father.

Respondents Simmons filed an action against petitioner to have the *lis pendens* notice expunged from Pendleton County's *lis pendens* record from the date it was filed. On February 24, 2014, in Civil Action No. 14-C-6, petitioner filed an action against Respondents Showalter and Respondents Simmons; his sister, Respondent Swimberghe; the closing attorney, Respondent Walters; the real estate agent, Respondent Susan Williams; and the title insurance company, Respondent West Virginia Bankers Title, LLC to vacate the sale of the farm.[3]

During the pendency of the two actions, George R. Triplett and Jefferson L. Triplett replaced Mr. Moore as petitioner's West Virginia counsel, and the circuit court granted petitioner's Texas attorney *pro hac vice* admission to The West Virginia State Bar so that he could also participate in No. 14-C-4 and No. 14-C-6. The various respondents filed motions to dismiss No. 14-C-6. Respondent Williams also filed a motion for sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure in No. 14-C-6, to which petitioner filed a response.

The circuit court conducted separate hearings in No. 14-C-4 and No. 14-C-6 on April 14, 2014. Mr. Pitzner appeared by telephone with George Triplett and Jefferson Triplett at both hearings on petitioner's behalf. At the hearing in No. 14-C-4, the circuit court expunged petitioner's notice from the date it was filed because a petition to be declared guardian of an incompetent person is not the type of proceeding that is eligible for listing on the *lis pendens* record. The circuit court determined that petitioner's guardianship petition did not constitute an action to enforce "any lien upon, right to, or interest in designated real estate" pursuant to the *lis pendens* statute, West Virginia Code § 55-11-2. The circuit court further found that petitioner's guardianship petition was not pending at the time of the filing of his *lis pendens* notice, as required by West Virginia Code § 55-11-2, because the petition was not filed in Smith County, Texas, until the next day, January 31, 2014.

At the hearing in No. 14-C-6, the circuit court granted respondents' motions to dismiss petitioner's action to have the sale of the farm vacated because petitioner lacked standing to file the action given that (1) petitioner had not been declared guardian of his father; and (2) petitioner's interest as the devisee of his parents' will was wholly conjectural until such time that the will becomes operative. The circuit court noted that petitioner's parents must be presumed competent until such time that a court possessed of jurisdiction declared otherwise. The circuit court also awarded $500 to each defendant's counsel for a total of $3,000[4] in attorney's fees as a sanction against petitioner for filing a frivolous action.[5] In finding that the action was frivolous, the circuit

---

[3] The lender Farm Credit of the Virginias, ACA was subsequently granted permission to intervene in No. 14-C-6.

[4] The total is $3,000 because the circuit court also awarded $500 to the intervenor's counsel.

[5] In addition to Respondent Williams' written motion, Respondents Showalter, Respondents Simmons, and Respondent Swimberghe made oral motions for sanctions against petitioner.

3

court explained that petitioner had brought a family matter into court when he lacked standing to do so. However, the circuit court indicated that if an action to vacate the farm's sale would be filed by the proper parties, i.e., petitioner's parents, "we would consider it." Similarly, the circuit court dismissed No. 14-C-6 without prejudice with regard to the farm's buyers, Respondents Showalter and Respondents Simmons. The circuit court entered separate final orders, prepared by Respondent Walters' counsel, in both underlying matters on April 30, 2014.[6]

Following the April 14, 2014, hearings, petitioner filed a number of documents *pro se* in each case that were then set for a June 18, 2014, hearing. The circuit court disposed of petitioner's *pro se* objections, motions, and requests in separate orders entered May 7, 2014. In each order, the circuit court found that petitioner did not so much question "the accuracy of the Court's [final order]" as he "object[ed] to the rulings of the Court." Therefore, the circuit court determined that "the Final Order as entered is proper and that [petitioner's] remedy is an appeal to the West Virginia Supreme Court." Accordingly, the circuit court canceled the June 18, 2014, hearing on petitioner's various post-hearing pleadings and reaffirmed that each case had been resolved and should be retired from its docket.

Petitioner appealed the circuit court's rulings in No. 14-C-4 in Supreme Court No. 14-0555 and the circuit court's rulings in No. 14-C-6 in Supreme Court No. 14-0532. By an order entered January 7, 2015, this Court, on its own motion, consolidated Supreme Court No. 14-0555 with Supreme Court No. 14-0532 for purposes of consideration and decision.

### Circuit Court properly expunged petitioner's *lis pendens* notice

West Virginia Code § 55-11-2 provides that for an action to be eligible for listing on the *lis pendens* record, it must seek to enforce an interest in the subject real estate. *See* Syl. Pt. 1, *State ex rel. Watson v. White,* 185 W.Va. 487, 488, 408 S.E.2d 66, 67 (1991) ("A notice of *lis pendens* is properly filed pursuant to W.Va. Code § 55-11-2 (1981) only when a person seeks 'to enforce any lien upon, right to, or interest in designated real estate.'"). Furthermore, "[w]hen a formal notice of *lis pendens* is filed in a litigation that is not the type contemplated by W.Va. Code § 55-11-2 (1981), it is the duty of the court to expunge the improperly filed notice from the records." Syl. Pt. 3, *Id.,* 185 W.Va. at 488, 408 S.E.2d at 67.

Petitioner asserts that the guardianship matter in Texas, of which petitioner's *lis pendens* filing gave notice, is based primarily on petitioner's allegation that his sister Respondent Swimberghe coerced their elderly parents into selling the family farm in Pendleton County, West Virginia. Petitioner argues that the sale of the farm is void and ownership would revert back to his parents if one or both of his parents is incompetent. Therefore, petitioner asserts that the guardianship matter constituted an action to enforce petitioner's parents' interest in the farm and

---

[6] In its final order in No. 14-C-6, the circuit court determined that its dismissal of petitioner's action to vacate the farm's sale rendered it unnecessary to rule on petitioner's motion to consolidate the two actions and on petitioner's motion to have his parents undergo psychological examinations in Texas.

4

the circuit court erred in holding otherwise. Respondents generally counter that the circuit court did not err in expunging petitioner's notice from Pendleton County's *lis pendens* record because petitioner's guardianship petition seeks to have his father declared incompetent, and not to enforce any "lien upon, right to, or interest" in the farm formerly owned by petitioner's parents. We agree with respondents.

We find that the guardianship proceeding petitioner has filed in Smith County, Texas, does not seek to enforce an interest in the former family farm in Pendleton County, West Virginia. Rather, petitioner's guardianship petition seeks to have his father declared incompetent. We note that petitioner's father is not even the farm's most immediate former owner. Petitioner concedes that prior to the farm's sale, his parents transferred the farm to Zion Farm. As the circuit court stated at the hearing on the *lis pendens* notice, even if petitioner's father is found to have been incompetent at the time of the sale, the question would still exist of whether petitioner's mother still could have sold the farm, by herself, on Zion Farm's behalf as its other member/manager. While petitioner alleges that his mother is also incompetent, he has not filed a petition to have her declared incompetent. Thus, we find that the present ownership of the farm by the buyers—Respondents Showalter and Respondents Simmons—would not be affected by the result of petitioner's guardianship petition with regard to his father. Therefore, we conclude the circuit court did not err in expunging petitioner's notice from Pendleton County's *lis pendens* record from the date of its filing because the court had a duty to expunge the improperly filed notice pursuant to Syllabus Point 3 of *White*.[7]

### Circuit court properly dismissed petitioner's action

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac Buick, Inc.,* 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). In contending that the circuit court erred in granting respondents' motions to dismiss, petitioner asserts third-party standing to raise the claim on behalf of his parents that the sale of the farm formerly owned by them should be vacated. "To establish *jus tertii* standing to vindicate the constitutional rights of a third party, a litigant must (1) have suffered an injury in fact; (2) have a close relation to the third party; and (3) demonstrate some hindrance to the third party's ability to protect his or her own interests." Syl. Pt. 5, *Kanawha County Public Library Bd. v. Board of Educ. of County of Kanawha*, 231 W.Va. 386, 389, 745 S.E.2d 424, 427 (2013). Considering the last two elements first, as his parents' son, petitioner obviously has a close relation to them. In addition, because petitioner's allegations must be taken at face value for purposes of respondents' motions to dismiss, we assume that petitioner can show that there is some hindrance to his parents' ability to protect their own interests.

---

[7] The circuit court also found that petitioner's guardianship petition was not yet filed at the time of the filing of his *lis pendens* notice. However, because the circuit court properly determined that a guardianship proceeding is not a type of action contemplated by West Virginia Code § 55-11-2, we do not address the circuit court's alternate ruling.

However, we determine that petitioner's assertion of third-party standing fails because he has not suffered an injury in fact as a result of the sale of the farm. Petitioner asserts that he is to inherit the farm under what he says is the last will validly executed by his parents. However, "rights under a will vest only upon the death of the testator." *Morgan v. Mayes*, 170 W.Va. 687, 689, 296 S.E.2d 34, 36 (1982). Because petitioner's parents are currently living, petitioner has no more than a conjectural or hypothetical interest in the former family farm. We find that the alleged deprivation of such an abstract interest cannot serve as a basis for an injury in fact. *See* Syl. Pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W.Va. 80, 84, 576 S.E.2d 807, 811 (2002) (providing a definition for an "injury in fact"). Therefore, we conclude that the circuit court did not err in dismissing petitioner's action to vacate the sale of his parents' former farm because he cannot establish third-party standing to sue on their behalf.

Circuit court's denial of petitioner's
post-hearing pleadings did not prejudice his substantial rights

"On appeal of a case involving an action covered by the Rules of Civil Procedure, this Court will disregard and regard as harmless any error, defect or irregularity in the proceedings in the trial court which does not affect the substantial rights of the parties." Syl. Pt. 3, *Laney v. State Farm Mut. Auto. Ins. Co.*, 198 W.Va. 241, 243, 479 S.E.2d 902, 904 (1996) (Internal quotations and citations omitted.) Petitioner argues that the circuit court erred in ignoring the various *pro se* pleadings he filed following the hearings in each of the cases, including a motion for a continuance after his West Virginia attorneys declined to file his objections to the proposed final orders.[8] Respondents counter that any such failure to rule on petitioner's post-hearing pleadings did not prejudice his substantial rights and was, therefore, harmless error.

We do not accept respondents' apparent concession that the circuit court failed to rule on petitioner's post-hearing pleadings.[9] In its May 9, 2014, orders, filed in each case, the circuit court (1) noted petitioner filed numerous *pro se* pleadings following the April 14, 2014, hearings; (2) found that in his *pro se* pleadings, petitioner did not so much question "the accuracy of the Court's [final orders]" as he "object[ed] to the rulings of the Court," and, therefore, that the proper remedy was for petitioner to appeal the circuit court's rulings to this Court; and (3) canceled the June 18, 2014, hearing set for the *pro se* objections, motions, and requests and reaffirmed that each case should be retired from its docket. Thus, we find that, in effect, the circuit court denied petitioner's *pro se* pleadings.

Petitioner contends that some of his *pro se* pleadings were in the nature of objections to the proposed final orders that should have been ruled upon prior to the entry of those orders. However, we determine that the circuit court's failure to rule on any such objections before entering the final orders constituted harmless error for the reasons the circuit court gave in its May 9, 2014, orders.

---

[8] Petitioner's West Virginia attorneys opined that the objections were frivolous.

[9] We determine for ourselves whether to accept a party's concession. *See* Syl. Pt. 8, *State v. Julius,* 185 W.Va. 422, 424, 408 S.E.2d 1, 3 (1991).

Similarly, we find that petitioner was not prejudiced by his West Virginia attorneys' refusal to file his objections because petitioner's substantial rights could not be prejudiced by the dismissal of an action that he did not have standing to institute. Therefore, we conclude that the circuit court properly denied petitioner's post-hearing objections, motions, and requests and that any failure of the circuit court to rule on those pleadings prior to the entry of the final orders constituted harmless error.

<u>Circuit court's finding of frivolousness is insufficient to sustain Rule 11 sanctions</u>

We review a circuit court's awarding of sanctions pursuant to Rule 11 under an abuse of discretion standard. *See Davis ex rel. Davis v. Wallace,* 211 W.Va. 264, 266, 565 S.E.2d 386, 388 (2002). However, "[a]lthough Rules 11, 16, and 37 of the West Virginia Rules of Civil Procedure do not formally require any particular procedure, before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority." Syl. Pt. 1, in part, *Bartles v. Hinkle*, 196 W.Va. 381, 384, 472 S.E.2d 827, 830 (1996). Petitioner argues that the court erred in awarding sanctions against him under Rule 11. Respondents generally counter that not only did petitioner lack standing to bring his claims, but, in No. 14-C-6, he also named improper parties, such as the real estate agent, as defendants. Because petitioner's action in No. 14-C-6 was frivolous, respondents argue that the circuit court did not abuse its discretion in awarding them attorney's fees pursuant to Rule 11.

We find that whether an adequate foundation exists to support the circuit court's awarding of attorney's fees in this case eludes meaningful appellate review. The circuit court found that petitioner's filing of an action to vacate the sale of the farm was frivolous. However, the circuit court indicated that if an action to vacate the farm's sale would be filed by the proper parties, i.e., petitioner's parents, "we would consider it." Similarly, the circuit court dismissed No. 14-C-6 without prejudice with regard to the farm's buyers, Respondents Showalter and Respondents Simmons.

In addition, "we have firmly rejected the argument that the frivolity of an action, standing alone, will support a finding of bad faith" sufficient to sustain the awarding of attorney's fees as sanctions pursuant to Rule 11. *Kincaid v. Morgan*, 188 W.Va. 452, 459, 425 S.E.2d 128, 135 (1992) (citing *Daily Gazette Co., Inc. v. Canady*, 175 W.Va. 249, 253, 332 S.E.2d 262, 266 (1985)). In *Kincaid*, this Court reversed the award of attorney's fees and remanded the issue for factual development on whether the appellants acted in a vexatious, wanton, or oppressive manner. 188 W.Va. at 459-460, 425 S.E.2d at 135-136. Therefore, we reverse the award of attorney's fees against petitioner under Rule 11 and remand the issue for a hearing on whether petitioner acted in a vexatious, wanton, or oppressive manner.

For the foregoing reasons, we (1) affirm the decision of the Circuit Court of Doddridge County to expunge the *lis pendens* notice from the date that it was filed in Supreme Court No. 14-0555; (2) affirm the circuit court's dismissal of petitioner's action to vacate the sale of the farm in Supreme Court No. 14-0532; and (3) reverse the circuit court's award of attorney's fees and remand Supreme Court No. 14-0532 with directions to hold a hearing to determine whether

petitioner acted in a vexatious, wanton, or oppressive manner as to warrant the awarding of attorney's fees as a sanction against him under Rule 11.

Affirmed, in Part, Reversed, in Part, and Remanded with Directions.

**ISSUED**: April 17, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II